UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURT LOWDER,

      Petitioner,

      v.                     CAUSE NO.: 3:19-CV-753-RLM-MGG

WARDEN,

      Respondent.

OPINION AND ORDER

Curt Lowder, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 19-7-118) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of physically resisting an officer in violation of Indiana Department of Correction Offense 235. He was sanctioned with a demotion in credit class that was initially suspended but was imposed on July 30, 2019.

Mr. Lowder argues that he is entitled to habeas relief because the administrative record contained insufficient evidence to support a finding of guilt. He alleges that he did not purposefully fall but instead stubbed his toe and that there was no video surveillance recording of the fall.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record included a conduct report in which a correctional officer stated that, as the officer escorted Mr. Lowder to the top of a staircase, Mr. Lowder purposefully shifted his weight, causing the officer to lose his grip on Mr. Lowder and caused Mr. Lowder to fall down the stairs. It also included a video surveillance recording that showed Mr. Lowder leaving and reentering the medical unit near the time of the incident described in the conduct report. The recording didn't show the incident itself. While the lack of probative video evidence is unfortunate, the conduct report, by itself, constitutes some evidence that Mr. Lowder physically resisted a correctional officer.[1] Therefore, the argument that the hearing officer lacked sufficient evidence for the disciplinary decision is not a basis for habeas relief.

Mr. Lowder also argues that he is entitled to habeas relief because correctional staff didn't let him review the surveillance video recording. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." Id. The Warden has represented that disclosure of the recording to Mr. Lowder could pose a risk to safety and security at the correctional facility. ECF 7. Mr. Lowder might have been

---

[1] Mr. Lowder maintains that the hearing officer did not describe the evidence to support the finding of guilt, but the disciplinary report expressly states that the decision was based on this conduct report. ECF 6-3.

entitled to present this recording at the hearing, but he wasn't entitled to personally review it. See White v. Indiana Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); Outlaw v. Anderson, 29 F. App'x 372, 374 (7th Cir. 2002). Mr. Lowder's argument that he was not allowed to review the recording is not a basis for habeas relief.

Mr. Lowder argues that a correctional officer didn't follow policy when escorting him and didn't try to break Mr. Lowder's fall. These arguments don't suggest that Mr. Lowder received an unfair disciplinary hearing, and the mere failure to follow departmental policy doesn't rise to the level of a constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these arguments are not a basis for habeas relief.

Because Mr. Lowder hasn't asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Lowder wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Curt Lowder leave to proceed in forma pauperis on appeal

SO ORDERED on January 9, 2020.

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT